Case 4:25-cv-03937   Document 22   Filed on 10/27/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVERSON ESMAYCOL MEJIA JUAREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-03937 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM AND ORDER**

The petitioner, Iverson Esmaycol Mejia-Juarez, is a detainee in the custody of United States Immigrations and Customs Enforcement. He has filed a petition for a writ of habeas corpus, and the government has moved to dismiss the petition. For the following reasons, the government's motion is denied, and the petition is granted.

**I.    Background**

The petitioner is a citizen of Guatemala. He entered the United States on or about April 15, 2021, at the age of 16. He was detained at entry and designated an Unaccompanied Alien Child ("UAC") and later released from custody. Earlier this year, he was arrested for driving while intoxicated in Brazos County. Upon his release from county custody, he was transferred to ICE custody.

On July 18, 2025, an Immigration Judge ("IJ") ordered the petitioner's release on an $8,000 bond. On July 24, 2025, the Department of Homeland Security ("DHS") appealed. That appeal remains pending. The petitioner's family has tried to post bond, and ICE has refused to accept the bond.

1 / 4

## II. Legal Standards

This case arises under 28 U.S.C. § 2241 which gives this Court power to grant a writ of habeas corpus for a petitioner who is in custody in violation of the Constitution or laws of the United States. The petitioner bears the burden of proving that he is in custody in violation of the laws or Constitution of the United States.

## III. Analysis

Two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. "Under 8 U.S.C. § 1225(b)(2), otherwise referred to as the 'mandatory detention statute,' a noncitizen 'who is an applicant for admission' shall be detained for a removal proceeding 'if the examining officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Chiliquinga Yumbillo v. Stamper*, No. 2:25cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025) (quoting 8 U.S.C. § 1225(b)(2)(A)). "In contrast, under 8 U.S.C. § 1226, the 'discretionary detention statute,' a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination." *Id.* The Department of Homeland Security's "longstanding interpretation" had been that § 1226, not § 1225, applies to noncitizens like Mejia-Juarez who are already present in the country. *See Savane*, 2025 WL 277452, at *5. In July 2025, however, the Department changed its position. *See id.* (explaining a memo published by the Acting Director of ICE on July 8, 2025). The government now applies § 1225 to *all* applicants for admission. The government argues that this deprived the Immigration Judge of jurisdiction to grant bond to Mejia-Juarez.

Like most courts to consider this issue in the last few months, this Court concludes that Mejia-Juarez is entitled to the relief he seeks and grants his habeas petition. First, exhaustion does not bar this Court's review because it is not a statutory requirement in these circumstances. *See Lopez Benitez v. Francis*, 25 Civ. 5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025). When a "'legal question is fit for resolution and delay means hardship,' a court may choose to decide the issues itself." *Pizarro Reyes*, 2025 WL 2609425, at *3 (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).

The issue here largely involves a question of statutory interpretation, which is historically within the province of the courts. *Id*. The Court concludes that § 1226, not § 1225, applies to Mejia-Juarez's detention. As almost every district court to consider this issue has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support finding that § 1226 applies to these circumstances. *Pizarro Reyes*, 2025 WL 2609425, at *4; *see also Lopez-Arevelo*, 2025 WL 2691828, at *7 ("In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect."); *Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases and noting that "[e]very district court to address" the statutory question "has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies). The court need not repeat the "well-reasoned analyses" contained in these opinions and instead simply notes its agreement. *Chogllo Chafla v. Scott*, No. 2:25-cv-437, 2025 WL 2688541, at *5 (D. Me. Sep.

21, 2025). The respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result.

Because Mejia-Juarez's detention is governed by § 1226, the Immigration Judge had jurisdiction and authority to order Mejia-Juarez released on bond. The government's insistence to the contrary is in violation of federal law, and Mejia-Juarez is entitled to a writ of habeas corpus.

IV. **Order**

It is hereby ORDERED as follows:

1. The petition for a writ of habeas corpus filed by Iverson Esmaycol Mejia-Juares (Doc. # 1) is **GRANTED**; and

2. The respondents shall accept payment of bond as ordered by the Immigration Judge and shall release Mejia-Juarez from custody upon receipt of that bond.

It is so ORDERED.

SIGNED on October 27, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge